FILED
03 JAN -8 PM 1:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

PHILLIP METALS, INC.,

    PLAINTIFF,

vs.                                          CASE NO. CV 02-J-3209-S

LIBERTY RECYCLING, being the same
party as SAM RAINE, JR.,

    DEFENDANT/COUNTER-CLAIM
    PLAINTIFF

vs.

PHILLIP METALS, INC., JERRY JONES, and
THOMAS HINOTE, and the LAW FIRM OF
BLUME & BLUME,

ENTERED
JAN 8 2003

    COUNTER-CLAIM DEFENDANTS.

### MEMORANDUM OPINION

This action is before the court *sua sponte* for lack of subject matter jurisdiction.

The defendant/counter-claim plaintiff, Sam Raine, Jr. ("Raine") removed this action from the Circuit Court of Tuscaloosa County, Alabama, asserting this court has jurisdiction under 28 U.S.C. §§ 1331 and 1332. Raine was sued in state court for $139,062.81 as balance due on an open account. Raine counter-sued the plaintiff/counter-claim defendant for filing a false claim against him and for money he asserts he is due. Raine also brought a claim in this action (styled as a counter-



claim) against the law firm which represents the plaintiff and against attorney Thomas Hinote for filing a false claim against him.

In his Notice of Removal, Raine asserts that diversity jurisdiction exists under 28 U.S.C. § 1332 because he is a citizen of Jefferson County, Alabama, and plaintiff/counter-claim defendant Phillip Metals is a citizen of Ohio. However, Raine has also named Thomas Hinote and the law firm of Blume & Blume as counter-defendants. Both of these parties reside in Tuscaloosa County, Alabama. As both Raine and the counter-defendants Hinote and Blume & Blume are residents of the State of Alabama, the court finds, assuming the case meets other requirements for removability, that it lacks diversity jurisdiction under 28 U.S.C. § 1332.[1]

The court next considers whether this case is properly before it, as Raine alleges, under 28 U.S.C. § 1331 which provides that this court has original jurisdiction of all civil proceedings arising under the Constitution, laws, or treaties of the United States. Raine, in his counter-claim, alleges that Phillip Metal Inc., Jerry Jones and Thomas Hinote violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692. Raine's Notice of Removal relies on 28 U.S.C. § 1441 for removal of this claim. This Code section states that "any civil action brought in a State court of which the district

---

[1] 28 U.S.C. § 1332(a)(1) creates jurisdiction in United States District Courts for controversies exceeding the sum of $75,000.00 and between citizens of different States.

courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending ..."

Raine bases his removal on the claim he has brought against the plaintiff/counter-claim defendant and the other counter-defendants. In other words, Raine, standing in the shoes of a plaintiff, has attempted to remove this case. Plaintiffs cannot remove cases. [2] In a case examining the question of which parties may remove, the Sixth Circuit Court of Appeals noted that "only 'the defendant or the defendants' may remove under § 1441(a) ...." *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir.2002); citing *Johnston v. St. Paul Fire & Marine Ins. Co.*, 134 F.Supp.2d 879, 880 (E.D.Mich.2001) ("[T]he majority view [is] that third- party defendants may not remove under § 1441(a)."); *Galen-Med, Inc. v. Owens*, 41 F.Supp.2d 611, 614 (W.D.Va.1999) (same); *Schmidt v. Ass'n of Apt. Owners*, 780 F.Supp. 699, 702 (D.Haw.1991) ("The majority view is that the determination of who is a defendant is determined by the original complaint, not subsequent third or fourth-party complaints."). This is also the position taken by two of the leading treatises on civil procedure. The Court in *Curry* further noted that "[c]ounterclaims,

---

[2]Defendant Raine could have presumably filed a wholly separate action in this court against the various named parties under the Fair Debt Collection Practices Act. However, he chose to counter-claim and name additional counter-defendants.

cross-claims, and third- party claims cannot be the basis for removal" under § 1441(a). *Curry*, 301 F.3d at 462, citing ALI, Federal Judicial Code Revision Project § 1441 cmt. at 24 (Tent. Draft No. 3, April 30, 1999).

Additionally, the well-plead complaint rule requires that a federal cause of action be stated on the face of the complaint before defendant may remove the action based on federal question jurisdiction. *Duckson, Carlson, Bassinger, LLC v. Lake Bank, N.A.*, 139 F.Supp.2d 1117, 1118 (D.Minn.2001); citing *In re Otter Tail Power Co.*, 116 F.3d 1207, 1213 (8th Cir.1997). As in *Duckson*, the removal in this case is based solely on the defendants' counterclaims and third-party claims improperly styled as counter-claims. However, as the *Duckso*n Court noted, federal question jurisdiction is determined solely by the allegations contained in the plaintiff's complaint. *Id.*, citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "It is well established that a defendant cannot remove based on a counterclaim." *Duckson*, 139 F.Supp.2d at 1118; citing *Federal Deposit Ins. Corp. v. Elefant,* 790 F.2d 661, 667 (7th Cir.1986); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir.1985).

Similarly, the Eleventh Circuit has stated that "whether an action raises a federal question "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face

of the plaintiff's properly pleaded complaint." *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1090 (11th Cir.2002), citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Furthermore, "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Behlen,* 311 F.3d at 1090, citing *Caterpillar,* 482 U.S. at 393.

The court having considered the foregoing and finding that Raine's counter-claim stating a cause of action under the Fair Debt Collection Practices Act cannot create federal jurisdiction, the court is of the opinion that this case has been improvidently removed. It therefore **ORDERED** by the court that this case be and hereby is **REMANDED** to the Circuit Court of Tuscaloosa County, Alabama.

**DONE** and **ORDERED** this the ___8___ day of January, 2003.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE